IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HECTOR JAVIER VILLEGAS, JR. INDIVIDUALLY AND ON BEHALF OF A.I.V., A MINOR <br> *Plaintiffs* <br><br> v. <br><br> MAR TRANSPORTES AND JULIAN BAZALDUA REYES <br> *Defendants* | § § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br><br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME, Hector Javier Villegas, Jr., Individually and on behalf of A.I.V., a Minor, Plaintiffs, and bring this complaint against Mar Transportes (sometimes hereinafter "Mar Transportes" or Defendant) and Julian Bazaldua Reyes (sometimes hereinafter "Reyes" or Defendant), and would respectfully show as follows:

### I.
### VENUE AND JURISDICTION

1. Plaintiffs, Hector Javier Villegas, Jr., and A.I.V., a minor, are residents of the state of Texas.

2. Defendant, Mar Transportes, is a company, upon information and belief, that is formed in and under the laws of Mexico, and may be served by the Chair of the Texas Transportation Commission, at its address of Bugambilia Nte #806, Reynosa, Tamaulipas, Mexico 88749.

3. Defendant, Julian Bazaldua Reyes, is a commercial truck driver for Mars Transportes, and upon information and belief is an individual residing at Carre 129 Trace Riveras Del Bravo, Rio Bravo, Tamaulipas 88900. Defendant Reyes may be served

by the Chair of the Texas Transportation Commission.

4. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Diversity jurisdiction is invoked pursuant to 28 U.S.C. §1332. The motor vehicle accident, which is the subject of this complaint, occurred in the County of Hidalgo, State of Texas.

## II.
### NATURE OF THE CASE

6. This case arises out of an automobile accident, which occurred in Hidalgo, Hidalgo County, Texas, on or about September 14, 2017. On that date, Plaintiff was operating a 2007 Chrysler Sebring, with A.I.V., a minor as his passenger, in a safe and lawful manner, eastbound on U.S. Highway 281, and was stopped in obedience to a traffic light. Defendant, Julian Bazaldua Reyes, was operating a 2015 Kenworth tractor-trailer rig, owned by Defendant, Mar Transportes, eastbound behind Plaintiff. Defendant failed to control his speed and suddenly, violently, and without warning, struck the rear end of Plaintiffs' vehicle. As a result of the collision, Plaintiffs sustained serious injuries.

7. At the time of the collision made the basis of this lawsuit, Defendant Reyes was permitted and allowed by Defendant Mar Transportes to operate the vehicle.

8. At the time of the collision made the basis of this lawsuit, Defendant Reyes was an employee of Defendant Mar Transportes, and was acting within course and scope of that employment.

## III.
### CAUSES OF ACTION
#### *COUNT I – NEGLIGENCE OF DEFENDANT REYES*

9. The allegations alleged in paragraphs 1-8 are re-alleged and are

incorporated herein by reference.

10. Defendant Reyes was a professional driver and had a duty to exercise the degree of care in the operation of the tractor-trailer rig that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. He breached that duty of care by, *intra alia*:

   a. Failing to keep a proper lookout;

   b. Failing to take proper evasive action;

   c. Failing to operate his vehicle in a prudent and reasonable manner;

   d. Failing to maintain a proper speed and control under the circumstances;

   e. Failing to timely apply the brakes of his vehicle;

   f. Failing to stop his vehicle prior to the collision;

   g. Reckless driving; and

   h. Failing to control his speed.

11. Defendant Reyes' conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

12. As a direct and proximate cause of Defendant Reyes' negligence, Plaintiffs sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiffs seek relief for the injuries and damages pursuant to applicable laws.

### COUNT II – NEGLIGENCE OF DEFENDANT MAR TRANSPORTES

13. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 12 of Plaintiffs' Complaint set forth above as though fully set forth herein.

14. Defendant Reyes was an employee of Defendant Mar Transportes and was acting within the course and scope of that employment at the time of the accident. As such, Defendant Mar Transportes is directly liable for the wrongful acts or omissions of Defendant Reyes.

15. Under information and belief, Defendant Mar Transportes is engaged in the business of commercial transportation throughout the United States.

16. Defendant Mar Transportes had a duty to exercise reasonable care in the management and operation of its commercial trucks.

17. Additionally, Defendant Mar Transportes had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

18. Defendant Mar Transportes failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

19. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant Mar Transportes, Plaintiffs suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which they seeks relief pursuant to applicable laws.

## COUNT III – NEGLIGENCE *PER SE*

20. The allegations alleged in paragraphs 1 through 19 are re-alleged and are incorporated herein by reference.

21. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants Mar Transportes and Reyes, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

    a. violation of § 392.2 – "Applicable Operating Rules";

    b. violation of § 66-8-113 – "Reckless Driving" and

    c. violation of § 66-7-3 NMSA – "Required obedience to traffic laws".

22. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se*.

### COUNT IV.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFFS

23. At the time of their injuries, Plaintiff, Hector Javier Villegas, Jr., was in reasonably good health with a normal life expectancy. Plaintiff, A.I.V., was a 16-year-old minor in reasonably good health with a normal life expectancy.

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have suffered and will continue to suffer a tremendous loss of life and family.  Plaintiffs seek all just and right remedies at law and in equity, including but not limited to:

    A. Reasonable medical care and expenses in the past.

    B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

    C. Loss of earnings in the past.

    D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

    E. Mental anguish in the past.

  F. Mental anguish in the future, which will in all probability, be incurred in the future.

  G. Pecuniary loss in the past.

  H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

  I. And all other legal damages and just and right compensation as allowed both in law and in equity.

25. All losses, harm, and legal damages suffered by Plaintiffs were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein).  For all such claims and losses, Plaintiffs now sue.

26. Plaintiffs request monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## JURY DEMAND

27. Plaintiffs demand trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs and against Defendants, jointly and severally, for compensatory damages in an amount within the jurisdictional limits of the Court; for exemplary damages, as addressed to each Defendant; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gelawfirm.com